## PERLMAN v. STANDARD WELDING CO.

(Circuit Court of Appeals, Second Circuit. February 15, 1916. On Motion to Amend Mandate, March 7, 1916.)

### No. 203.

PATENTS ⬅➡328—VALIDITY AND INFRINGEMENT—WHEEL.

The Perlman patent, No. 1,052,270, for a wheel for automobiles, the special feature of which is a demountable rim, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Louis H. Perlman against the Standard Welding Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 231 Fed. 453.

This cause comes here upon appeal from a decree in favor of complainant. The suit is in equity for infringement of United States letters patent No. 1,052,270, granted to Louis H. Perlman, February 4, 1913, on application filed June 28, 1906, succeeding application filed May 21, 1906, for improvement in automobile wheels. Claims 8, 11, 12, and 13 were held valid and infringed. Judge Hunt's opinion will be found in 231 Fed. 453.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. B. Fay and Jno. F. Oberlin, both of Cleveland, Ohio, and Charles Neave, of New York City, for appellant.

Daniel J. Mooney, of New York City (E. M. Kitchin and Melville Church, of Washington, D. C., of counsel), for appellee.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The particular field in which the improvement of Perlman finds its place is that concerned with what is known as the "demountable rim." The pneumatic tire is affixed to a metal rim, which can be slid on and off the metal rim which encircles the felly of the wheel; in the event of a blow-out the tire with its rim is removed and new tire with rim substituted in a brief space of time, leaving the longer operation of detaching the tire from its rim (and its replacement by a new one) to be performed, not on the road, but in the garage, when the run is over. The objects of invention are stated to be "ready application of the demountable rim to and removal thereof from the fixed rim and felly, * * * the demountable rim being constructed to facilitate the application and removal of a shoe (tire)." The patent and all the questions involved are elaborately and carefully discussed in the opinion of the District Judge (231 Fed. 453), there were many decisions in the Patent Office, and the patent was issued only after a decision of Court of Appeals of the District of Columbia. In re Perlman, 39 App. D. C. 447. These opinions may be consulted for a detailed statement of the questions involved.

The crucial question here is the date when Perlman reduced to practice the invention which he describes in his patent. The trial court found that the evidence showed beyond a reasonable doubt that the invention was conceived in 1903 and actually put to use on a car in 1904. Judge Hunt heard the witnesses, for the cause was tried in open court. He had opportunity to weigh their testimony with such appreciation of their individual personal equations as presence at an examination alone can afford. He witnessed with his own eyes the two important tests applied to the physical exhibits—to Exhibits 4, 5, 6 (the plaintiff's wheel) and to Exhibit 65, one of the tools which plaintiff testified he used in its manufacture. Having heard the testimony of an expert that Exhibit 65 was too soft to cut steel, he saw a practical mechanic put it in a lathe and cut steel with it. Having heard the testimony of another expert that Exhibit 4 was a new wheel, because upon removal of a hub plate the wood showed bright, he saw another practical man, using a chemical preparation of his own, remove not only the surface coat of paint, but also, one by one, three more successive coats beneath; the combined strata indicating an age of several years, and disclosing finally the prime coat which had sunk into the wood. On the wood the judge also saw the traces of a trademark of the maker of the wheel which had been adopted early in 1903. Under these circumstances, if we were in doubt as to the identity of the tool and the age of the wheel, we should hesitate to disturb the findings of the District Court; but from an examination of the testimony, as it is presented here in cold type, we are as convinced as

Judge Hunt was that the tool is the one with which plaintiff cut the tapered tips of his bolts, and that the wheel (Exhibits 4, 5, 6) is the identical one he used on his cars in 1904.

The establishment of this date accomplishes more than the removal of Vinet's French patent from the prior art; it disposes of arguments based on the history of Perlman's successive applications in the Patent Office. He and his counsel mistakenly supposed that he was a pioneer in invention of a demountable rim per se. In seeking to obtain a patent for that extremely broad invention, close attention was not at first given to the statement of the details of structure, which embodied the real invention for which the patent finally issued. Therefore, from time to time during his long struggle with the Patent Office, additions were made to specifications and drawings. If there were nothing except these additions and Vinet, there might be force in the argument that Perlman conveyed these suggestions from Vinet, not having theretofore conceived them himself. But when we have the identical wheel made and used in 1904 before us, and see in its structure the embodiment of what the patent, as issued, describes, all doubts as to what Perlman's original invention was, are resolved.

We do not think it necessary to enter upon any further discussion of the case. Judge Hunt's opinion is very full and sufficiently covers all defenses; we fully concur in his reasoning and conclusions.

Decree affirmed, with costs.

### On Motion to Amend Mandate.

PER CURIAM. No reason is seen for changing the ordinary language of the mandate. We are not disposed to depart from the practice stated in Edison Electric Light Co. v. United States Electric Lighting Co., 59 Fed. 501, 8 C. C. A. 200.